```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

VENUS GREEN                    *
                               *
          v.                   *  Civil Action WMN-10-3216
                               *
BALTIMORE CITY                 *
POLICE DEPARTMENT et al.       *

     *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Before the Court are two motions filed by Plaintiff Venus Green: a motion for leave to file an amended complaint, ECF No. 25; and a motion to remand this case to state court, ECF No. 26.[1] Green also filed two supplements to the instant motion to remand, which are docketed as independent motions and appear as ECF Nos. 29 and 30. The motions are ripe for review.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he Court should freely give leave [to a plaintiff to file an amended complaint] when justice so requires." Courts should deny motions to amend only if: (1) the amendment would prejudice the opposing party; (2) the amendment would be futile; or (3) the movant has engaged in bad faith or undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Green's Second Amended

---

[1] Also pending but not yet ripe for review are four motions to dismiss filed by the various defendants. ECF Nos. 15-17 & 34. As the Court will grant Plaintiff's motion to remand, these motions need not be addressed at this time. Moreover, Green's motion to stay briefing on one of the motions to dismiss, ECF No. 35, will be denied as moot.

Complaint removes both federal causes of action and all references to federal law, adds one new common law cause of action, and removes one defendant from the lawsuit.  The relevant facts alleged remain substantially the same, so the Defendants would not be prejudiced by the amendment.  There is no evidence before the Court indicating bad faith or undue delay by Green, and her amendments are not facially frivolous in light of the facts alleged.  As such, Green's motion to amend will be granted.

Because Green removed all references to federal law and causes of action arising thereunder in her Second Amended Complaint, she argues the Court should remand her case to the Circuit Court of Maryland for Baltimore City.  Federal courts have discretion to exercise pendent jurisdiction over state-law claims when the case involves a federal question. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).  Courts also have discretion to maintain pendent jurisdiction if, after first asserting pendent jurisdiction upon removal from state court, the federal question in a lawsuit is removed or dismissed.  Thus, the mere removal of federal claims from a lawsuit does not immediately strip a federal court's jurisdiction. <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n.7 (1998).  Nonetheless, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. Where the federal claims are removed as a result of an amended complaint, courts may also consider whether plaintiff's amendment was merely an attempt to defeat federal jurisdiction. See id. at 357.

With the removal of all federal law claims from Green's Second Amended Complaint, this case no longer invokes a federal question. Rather, the remaining causes of action are founded purely in Maryland state law, and a Maryland state court is better situated to adjudicate such claims. See Gibbs, 383 U.S. at 726 ("Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Moreover, this case has not progressed significantly and the defendants have not yet filed any responsive pleadings. Thus, while forum manipulation is of serious concern to this Court, as discussed below, the interests in comity, convenience and judicial economy are more substantial.

Defendants argue that Green's amendments are motivated purely by a desire to defeat federal jurisdiction, and they point to Brown v. Eastern States Corp., 181 F.2d 26 (4th Cir.

1950), and Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004), in support of their contention that remand in such cases is improper.  Brown held that, under the law then in effect, a "case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed."  Id. at 28-29.  This aspect of Brown, however, has been rejected by the Supreme Court in Gibbs and Cohill.  See, e.g., Cohill, 484 U.S. at 357 ("This concern [about forum manipulation] . . . hardly justifies a categorical prohibition on the remand of cases involving state-law claims."); see also, Berry v. PLC, Inc., Civil Action No. 06-0006, 2006 WL 1042373 (D. Md. Apr. 20, 2006).  Defendants' citation of Harless, which discusses but does not rely upon Brown, also fails for the same reason.  Furthermore, Harless does not explicitly preclude remand when a plaintiff may be engaging in forum manipulation, because the plaintiff in that case was found to have motivations unrelated to defeating federal jurisdiction.  Harless, 389 F.3d at 448.  As such, forum manipulation is only one factor a Court may consider when reviewing a motion to remand.  Here, the balance of factors weighs in favor of Green, and the Court will remand this case to the Circuit Court of Maryland for Baltimore City.

For the foregoing reasons, both Green's motion for leave to file an amended complaint and Green's motion to remand this case to state court will be granted. A separate order will issue.

                                                           /s/
                                      William M. Nickerson
                                      Senior United States District Judge

January 31, 2011